ORIGINAL

FILED
U.S. DISTRICT COURT
2009 JUN 10 PM 12:38
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JOSE ERNESTO PEREZ MORALES, RAMON SANTANA, EGGY ROCHA, ARIEL DELGADO, DENNIS FRANCIS, JOSE ELIAS ALMONTE GABRIEL, LEONEL GARCIA-GONZALEZ, JUAN SORTO, MICHELL GONZALEZ-BENITEZ, MANUEL MORENO-RENTERIA, GEOVANNY ZAMBRANO, MANUEL SANCHEZ-PENZO, ERICK ALBERTO VALLADOLID-LERMA, DAMIS FELLOVE, OCTAVIO REYES-MORALES, DUBAL PERERA, JOSE ALMONTE-PENA, LUIS FRIAS, and MIGUEL MORA, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | CV 309-040 |
| FEDERAL BUREAU OF PRISONS, CORRECTIONS CORPORATION OF AMERICA, MCRAE CORRECTIONAL FACILITY, and WALT WELLS, Warden, | ) ) ) ) ) ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioners, inmates currently incarcerated at McRae Correctional Facility ("MCF") in McRae, Georgia, have filed an action under 28 U.S.C. § 2241 contesting the execution of their sentence of confinement. Petitioners argue, relying upon, *inter alia*, White v. Scibana, 314 F. Supp.2d 834, 838 (W.D. Wis. 2004), that the Federal Bureau of Prisons ("Bureau")

has improperly calculated their good conduct time ("GCT") pursuant to 18 U.S.C. § 3624(b), thereby depriving them of the possibility to earn a maximum of fifty-four (54) days of GCT for each of the years they have been sentenced to serve. Without addressing the propriety of allowing several prisoners to join in a single § 2241 petition, the Court **REPORTS** and **RECOMMENDS** that the Bureau, the Corrections Corporation of America ("CCA"), and MCF be **DISMISSED** from this case, that because Petitioners are not entitled to the relief they seek, the petition be **DISMISSED**, and that this civil action be **CLOSED**.

## I. BACKGROUND

The basis for Petitioners' § 2241 petition is the contention that § 3624(b)(1) requires that GCT be calculated based on the time an inmate has been sentenced to serve rather than--as the BOP calculates GCT--based on the time actually served. Petitioners also concede that they have not exhausted their administrative remedies.

Under 18 U.S.C. § 3624, a federal prisoner can receive credit for "satisfactory behavior" as follows:

> **(b) Credit toward service of sentence for satisfactory behavior.--**
>
> (1) Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. . . . [C]redit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

18 U.S.C. § 3624(b)(1). The BOP has promulgated a regulation concerning the proper

2

method for calculating GCT time under this statute which provides that an inmate may earn GCT credits based on the time actually served and not the sentence imposed. 28 C.F.R. § 523.20.

## II.     ANALYSIS OF GCT CLAIM

First, the district court decision from Wisconsin upon which Petitioners base their argument has been overturned and is no longer good law. See White v. Scibana, 390 F.3d 997, 1002-03 (7th Cir. 2004), *cert. denied*, White v. Hobart, 545 U.S. 1116 (2005). More importantly, the Eleventh Circuit has decided that although the statutory language of § 3624(b)(1) is ambiguous, "the Bureau's interpretation of the statute that a federal prisoner should get good time credit of 54 days for each year he actually serves in prison is reasonable and therefore is due to be affirmed."[1] Brown v. McFadden, 416 F.3d 1271, 1273 (11th Cir. 2005) (*per curiam*). In reaching its decision, the Eleventh Circuit followed the decisions of five other circuits that reached the same conclusion.[2] Id. (citing Perez-Olivio v. Chavez, 394 F.3d 45, 53 (1st Cir. 2005); O'Donald v. Johns, 402 F.3d 172, 174 (3d Cir. 2005) (*per curiam*); Yi v. Federal Bureau of Prisons, 412 F.3d 526, 534 (4th Cir. 2005); White, 390 F.3d at 1002-03; Pacheco-Camacho v. Hood, 272 F.3d 1266, 1271 (9th Cir. 2001)). Accordingly, Petitioners are clearly not entitled to the relief they seek in the form of the recalculation of

---

[1] The Eleventh Circuit also decided that the rule of lenity is inapplicable because the Bureau's interpretation is reasonable. Brown, 416 F.3d at 1273.

[2] At the time these cases were decided, a different version of 28 C.F.R. § 523.20 was in effect; the current version became effective on December 5, 2005. However, the distinctions between the previous and current version do not affect the analysis determining that it is appropriate for the Bureau to calculate GCT based on the time served rather than the sentence imposed.

3

their GCT.[3,4]

## III. PROPER RESPONDENT

Petitioners named the Bureau, CCA, MCF, and Walt Wells as Respondents in this case. However, the Bureau, CCA, and MCF are not proper respondents because, in a habeas proceeding, the case or controversy is between the person in custody and his custodian. Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004) ("[L]ongstanding practice confirms that in habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . . ."); Wacker v. Bisson, 348 F.2d 602, 605 (5th Cir. 1965). Thus, Walt Wells, Petitioners' custodian by virtue of his position as Warden at MCF, is the proper Respondent. Therefore, the Court **REPORTS** and **RECOMMENDS** that the Bureau, CCA, and MCF be **DISMISSED** from

---

[3] An order directing a respondent to show cause why the writ should not be granted need not be issued whenever "it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. As Petitioners are plainly not entitled to the relief they seek, the Court now makes its recommendation without first directing Respondents to respond to the petition.

[4] Even if the Eleventh Circuit had not already rejected Petitioners' argument, Petitioners would face another obstacle. Prisoners seeking habeas relief, including relief pursuant to § 2241, are subject to administrative exhaustion requirements. Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004) (*per curiam*), *cert. denied*, 541 U.S. 1036 (2004); Rodriguez v. Lamer, 60 F.3d 745, 747 (11th Cir. 1995) (noting requirement for exhausting administrative remedies with the BOP prior to seeking § 2241 relief in federal court); see also Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (*per curiam*) (noting exhaustion requirement in relation to bringing § 2241 petition); United States v. Gabor, 905 F.2d 76, 78 n.2 (5th Cir. 1990) (noting applicability of exhaustion requirement to claims for computation of sentence credit awards). Here, Petitioners candidly admit that they did not exhaust their administrative remedies prior to filing their § 2241 petition. (Doc. no. 1, pp. 3-7). Thus, even if the Court were not recommending that the petition be dismissed on the merits, the petition would be due to be dismissed for failure to exhaust administrative remedies.

this case.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the Bureau, CCA, and MCF be **DISMISSED** from this case, that because Petitioners are not entitled to the relief they seek, the petition be **DISMISSED**, and that this civil action be **CLOSED.**

SO REPORTED and RECOMMENDED this 10th day of June, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE